IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SAMUEL LaSALLE,

        Petitioner,               Civil Action No.
                                                9:11-CV-0304 (LEK/DEP)

   v.

WILLIAM A. LEE, Superintendent of Green
Haven Correctional Facility,

        Respondent.

_____

APPEARANCES:                         OF COUNSEL:

FOR PETITIONER:

SAMUEL LaSALLE, *Pro Se*
80-A-2569
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

FOR RESPONDENT:

HON. ERIC T. SCHNIEDERMAN        PAUL M. TARR, ESQ.
Attorney General of the                  Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Petitioner Samuel LaSalle, a former New York state prison inmate who has been released from custody, and whose whereabouts are not currently known to the court, has commenced this habeas corpus proceeding, pursuant to 28 U.S.C. § 2254, challenging the denial of his application for release on parole. In his petition, LaSalle asserts four grounds in support of his request for federal habeas intervention, arguing that in denying him parole the New York State Parole Board 1) failed to comply with various provisions of state law; 2) acted in an arbitrary and capricious manner; 3) violated his right to equal protection through the Board's "overt and covert" policy creating two classes of parole candidates; and 4) violated his right to due process. With the filing of a response to the petition, accompanied by the relevant state records, submitted on behalf of the named respondent, and the subsequent receipt of a reply, or "traverse" from the petitioner, this matter is now ripe for determination.

It has been drawn to the court's attention that the petitioner was released from prison earlier this year, but has failed to notify the court and counsel of his apparent change of address. In light of this failure and the

court's resulting inability to communicate with him, I recommend that the petition in this matter be dismissed, without addressing its merits.

I.      BACKGROUND

Petitioner commenced this proceeding by the filing of a petition, dated January 5, 2011, in the United States District Court for the Southern District of New York. Dkt. No. 1. Following a transfer of the proceeding to this district, *see* Dkt. No. 5, Senior District Judge Lawrence E. Kahn issued a decision on April 4, 2011, denying LaSalle's application for leave to proceed *in forma pauperis* ("IFP"), without prejudice, and finding that the petition fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Dkt. No. 7. The order directed that should he desire to proceed and press his habeas claims, he must file an amended petition within thirty days. *Id.*

Petitioner subsequently submitted an amended petition, which was filed with the court on April 18, 2011, setting forth his claims in greater detail. Following the filing of that amended petition, Judge Kahn issued an order, dated May 12, 2011, approving its filing and granting petitioner's IFP application. Dkt. No. 12.

On September 12, 2011 the named respondent, the superintendent

3

of the correctional facility in which LaSalle was housed at the time the proceeding was commenced, filed a response to the petition, accompanied by relevant state court records. Dkt. Nos. 16-18. A reply affidavit was subsequently filed by the petitioner on November 14, 2011. Dkt. No. 20. The matter has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

On or about May 15, 2012, the court was alerted to the fact that the petitioner has been released from custody when a communication sent by the clerk and addressed to LaSalle at the Green Haven Correctional Facility was returned undeliverable with a notation "released". Dkt. No. 22. A follow-up investigation conducted within my chambers, utilizing publically-available information contained in the New York State Department of Corrections and Community Services' ("DOCCS") inmate locator database, confirmed that petitioner was released on parole on or about March 27, 2012. Despite this change in circumstances, LaSalle has submitted nothing to the court to indicate a current address for use by the court and respondent's counsel in communicating with him.

II.     DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute his or her claims.  Fed. R. Civ. P. 41(b); *Link v. Wabash RR Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 1388-90 (1962); *Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J. and Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666. 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. and Hurd, M.J.); *see also* N.D.N.Y.L.R. 41.2(b).  That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1389; *Williams*, 1998 WL 278288, at *2; *Moshier*, 1998 WL 167298, at *1.

For reasons which are evident *pro se* litigants, like other parties, are under a continuing duty pursuant to this court's local rules to inform the court of an address where communications concerning a pending action may be sent, and of any changes in that address; failure to comply with this meaningful requirement can result in dismissal of the action for failure

to prosecute.[1]  N.D.N.Y.L.R. 10.1(b), 41.2(b); *Williams*, 1998 WL 278288, at \*2; *Moshier*, 1998 WL 167298, at \*1-\*2.  In this instance, the petitioner was made aware of the court's requirement concerning address changes in the order dated May 12, 2011, which provided, in relevant part, that "[p]etitioner is . . . required to notify the Court and counsel for the Respondent of any change in his address, **"his failure to promptly advise both the Court and the Respondent's counsel of any change in petitioner's address will result in the dismissal of this action without any additional notice".**  Dkt. No. 12 at p. 4 (Emphasis in original).

Because petitioner has failed to notify the court of his change of address, following his release from prison, despite having been pointedly reminded of the requirement that he do so, I recommend that his petition be dismissed for failure to fulfill his burden of diligently prosecuting the action and to update his address with the court.  Fed. R. Civ. P. 41(b); N.Y.N.D.L.R. 10.1(b), 41.2; *Link*, 370 U.S. at 633, 82 S. Ct. at 1390; *see*

---

[1] Local Rule 10.1(b) provides that "[a]ll attorneys of record and pro se litigants must immediately notify the Court of any change of address."  N.D.N.Y.L.R. 10.1(b).  The local rules also caution that a failure of a litigant to notify the court of a change in address in accordance with Local Rule 10.1(b) could result in the dismissal of his or her pending action.  *Id.* 41.2(b).

*also*, *e.g.*, *Williams*, 1998 WL 278288, at *1-*2; *Moshier*, 1998 WL 167298, at *1-*2.

### III.  SUMMARY AND RECOMMENDATION

As a result of petitioner's release from prison, coupled with his failure to apprise the court of that fact and to provide an address where he can be reached for purposes of communications, his current whereabouts are unknown to the court.  This case obviously cannot proceed without notice to the court and respondent's counsel of a valid and current address for use in contacting him.  Based upon petitioner's failure to provide such an address, it is hereby respectfully

RECOMMENDED, that the petition in this matter be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this

court's local rules.

Dated: September 5, 2012
       Syracuse, NY

*David E. Peebles*
David E. Peebles
U.S. Magistrate Judge